USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9-23-13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
EXPRESSWAY MUSIC, INC.,                                     :
                                                            :
           *Plaintiff*,                             :    12 Civ. 834 (ALC)(MHD)
                                                            :
   -against-                                               :    **ORDER AND OPINION**
                                                            :
SLEP-TONE ENTERTAINMENT CORP.                               :
                                                            :
           *Defendant*.                             :
                                                            :
------------------------------------------------------------X

**ANDREW L. CARTER, JR., United States District Judge:**

    Expressway Music filed a complaint seeking declaratory judgment that its performance of entertainment services has not infringed or otherwise violated Defendant Slep-Tone's trademark rights under the Lanham Act, 15 U.S.C. § 1051 et seq. In response, with its answer, Slep-Tone also filed a counterclaim for trademark infringement and unfair competition. Expressway seeks dismissal of those counterclaims on substantive and procedural grounds. For the reasons discussed herein, Expressway's motion is denied.

    To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a claim must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim has facial plausibility "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

    On a motion to dismiss, the court will accept the plaintiff's allegations as true and must "draw all reasonable inferences in favor of the plaintiff," Ruotolo v. City of N.Y., 514 F.3d 184,

188 (2d Cir.2008). However, the court need not accept allegations that are merely conclusions of law. Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007) (complaint inadequate if it "merely offers labels and conclusions or a formulaic recitation of the elements of a cause of action"); Starr v. Sony BMG Music Entm't, 592 F.3d 314, 321 (2d Cir.2010). Therefore, on a motion to dismiss, "[t]he appropriate inquiry is not whether a plaintiff is likely to prevail, but whether he is entitled to offer evidence to support his claims." Fernandez v. Chertoff, 471 F.3d 45, 51 (2d Cir. 2006) (internal quotation marks and citation omitted).

Motion to Strike Answer and Counterclaim

Expressway moves to strike the answer and counterclaim as untimely. Although Slep-Tone very well should have known better than to wait until the day the answer was due to seek pro hac vice admission to the Court, this delay does not display the type of willful default that warrants the heavy sanction of striking Slep-Tone's answer. Therefore, the Court will allow Slep-Tone's answer to stand and will consider the merits of the Slep-Tone's counterclaim on this motion to dismiss.

Slep-Tone States a Claim for Trademark Infringement

Slep-Tone brings claims for trademark infringement and unfair competition under §§ 32[1] and 43[2] of the Trademark Act of 1946, better known as the Lanham Act. 15 U.S.C. §§ 1114 and

---

[1] Section 32 protects from infringement registered trademarks. In relevant part, it reads: "Any person who shall, without the consent of the registrant--

use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive. . .

shall be liable in a civil action by the registrant for the remedies hereinafter provided." 15 U.S.C.A. § 1114.

1125. The test for trademark infringement for registered trademarks is the same under § 32 as under § 43. Louis Vuitton Malletier v. Dooney & Bourke, Inc., 454 F.3d 108, 114 (2d Cir. 2006) (citing Virgin Enters. Ltd. v. Nawab, 335 F.3d 141, 146 (2d Cir.2003).

We analyze trademark infringement claims under a two-prong test, first determining whether plaintiff's mark merits protection, and second, whether defendant's use of a similar mark is likely to cause consumer confusion. Louis Vuitton Malletier v. Dooney & Bourke, Inc., 454 F.3d 108, 114 (2d Cir. 2006) (citing Gruner + Jahr USA Publ'g v. Meredith Corp., 991 F.2d 1072 (2d Cir. 1993)). A trade dress or trademark merits protection if the mark is distinctive, either inherently or through "secondary meaning." Whimsicality, Inc. v. Battat, 27 F. Supp. 2d 456 (S.D.N.Y. 1998).

According to Slep-Tone, Expressway allegedly acquired or made unauthorized duplicates of Slep-Tone's karaoke accompaniment tracks. These unauthorized media- and format-shifted duplicates were marked with Slep-Tone's "SoundChoice" trademark and distinctive trade dress. Slep-Tone's counterclaim states a plausible claim for trademark infringement because it alleges a

---

[2] Section 43(a) of the Lanham Act provides:

"Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin. . . which—

(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act." 15 U.S.C. § 1125(a)(1).

valid trademark and trade dress (Countercl. ¶¶ 52-55), that its trade dress has acquired secondary meaning (id. ¶¶ 56-58), and that Expressway's use of its trade dress and mark on a copied product (id. ¶¶ 61-64) may cause consumer confusion as to its origin (id. ¶¶ 77, 83). Having alleged these elements, Slep-Tone meets the standard in Iqbal.

The Supreme Court set forth a narrow reading of "origin of goods" in § 43(a) so as to minimize application in cases that obviously sought an extension of copyright protection through the trademark statute: "[R]eading the phrase "origin of goods" in the Lanham Act in accordance with the Act's common-law foundations . . . we conclude that the phrase refers to the producer of the tangible goods that are offered for sale, and not to the author of any idea, concept, or communication embodied in those goods." Dastar Corp. v. Twentieth Century Fox Film Corp. 539 U.S. 23, 37, 123 S.Ct. 2041, 2050 (U.S. 2003). Slep-Tone appears to argue that because Expressway is the origin of media- and format-shifted records, the presence of Slep-Tone's "SoundChoice" trademark is passing off[3] Expressway's product as Slep-Tone's. As pleaded and given a literal interpretation of Dastar, the claim survives dismissal.

Sybersound Records, Inc. v. UAV Corp. 517 F.3d 1137 (9th Cir. 2008), cited by Expressway, is inapposite because there the plaintiff was trying to challenge its competitors' alleged misrepresentations that they had secured copyright licensing, a misrepresentation these competitors included on their label. The Sybersound court ruled that these claims were not actually about trademark infringement and not the sort of misrepresentations a competitor had standing to challenge. Id. at 1144. Furthermore, although Slep-Tone appears to focus on § 43(a)

---

[3] "Passing off (or palming off, as it is sometimes called) occurs when a producer misrepresents his own goods or services as someone else's." Dastar Corp. v. Twentieth Century Fox Film Corp. 539 U.S. 23, 28 n.1, 123 S.Ct. 2041, 2045 (U.S. 2003) (citing O. & W. Thum Co. v. Dickinson, 245 F. 609, 621 (6th Cir. 1917)).

as the basis for its origin of goods theory, to the extent that "the nature, characteristics, and qualities of karaoke recordings under the Lanham Act are more properly construed to mean characteristics of the good itself, such as the original song and artist of the karaoke recording, and the quality of its audio and visual effects," id. (citing §43(b)), Slep-Tone also alleges degradation of the quality of the videos through one or many instances of copying (Countercl. ¶ 37).

Expressway also cites Agence France Presse v. Morel, 769 F. Supp. 2d 295 (S.D.N.Y. 2011), in support of its argument, but in that case, no trademark had been misappropriated nor did the plaintiff even so allege. Rather, the plaintiff photographer sought relief under the Lanham Act and other statutes over the publication of photos with an incorrect credit line failing to attribute him photographer and without proper license, but the court deemed such claims to be firmly rooted in copyright. Id. at 307-308 ("[Plaintiff] holds copyrights for his photographs, and his recourse for unauthorized copying, whether through a false claim of authorship or a false assertion of license, lies in copyright law, not in trademark.") Indeed, while the court dismissed the Lanham Act claims, the plaintiff's copyright claims survived the motion to dismiss. Id. at 308.

Here, regardless of the copyright status of these videos, Slep-Tone alleges facts about the misuse of its trademark on products it did not create, namely because Slep-Tone's registered trade dress and trademark appear on Expressway's media- and format-shifted tracks. These are cognizable claims under the Lanham Act.

While this case may toe the line between a trademark claim attempting an "end run around the copyright laws" and a viable trademark claim, reviewing the facts in a light most favorable to the nonmovant, it would be improper to dismiss the counterclaim at this time.

Moreover, trademark infringement claims and copyright infringement claims are not necessarily mutually exclusive. See, e.g., Zuffa, LLC v. Justin.tv, Inc., 838 F. Supp. 2d 1102, 1105-06 (D. Nev. 2012) (plaintiff stated trademark infringement claims for allegation that defendant displayed its trademark during live streaming of event on internet, but limiting trademark claims "to the display of [plaintiff's] trademarks which are not an inherent part of the video broadcast" such as plaintiff's watermark logo[4] or other possible trademarks).

Slep-Tone States a Claim for Unfair Competition

The purpose of unfair competition law, and the Lanham Act, is to protect the goodwill that businesses create in their name or identity, and to protect consumers from deceit relating to the sources of their purchases. Regal Jewelry Co., Inc. v. Kingsbridge Intern., Inc., 999 F. Supp. 477, 486 (S.D.N.Y. 1998) (citing, inter alia, Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 112 S.Ct. 2753, 2757, 120 L.Ed.2d 615 (1992)). Courts consider likelihood of confusion on an unfair competition claim and thus apply the same analysis as they do in a trademark infringement claim. See Regal Jewelry, 999 F. Supp. at 490.

Slep-Tone states a claim for unfair competition, namely by alleging that (1) Slep-Tone's trademarks are visible in conjunction with a format-shifted product that originated from Expressway and (2) Expressway, by displaying Slep-Tone trademarks without actually using Slep-Tone products, is failing to purchase tracks directly and legitimately and thus depriving Slep-Tone of that revenue (¶¶ 84-85).

CONCLUSION

Expressway's motion to dismiss the counterclaim is denied.

---

[4] "Watermarks are such things as the ESPN or FOX logo in the bottom or top corner of a broadcast." Zuffa, 838 F. Supp. 2d at 1105 n.2.

SO ORDERED.

Dated:   September 23, 2013
         New York, New York

_____
ANDREW L. CARTER, JR.
United States District Judge